```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CLIVE BERBICK,                       :   11 Civ. 5295 (PAC) (JCF)
                                     :
              Plaintiff,             :         REPORT AND
                                     :        RECOMMENDATION
     - against -                     :
                                     :
CITY OF NEW YORK: 28th PRECINCT;     :
POLICE OFFICER CATHERINE VARGAS,     :
Shield #27374; JOHN DOES #1-50       :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

Pro se plaintiff Clive Berbick brings this action pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated when he was arrested by police officer Catherine Vargas[1]. Mr. Berbick now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion should be denied.

Background

This action arises from Mr. Berbick's arrest on April 23, 2010. He alleges that he was falsely arrested, abused, and harassed by Officer Vargas. (Complaint, ¶ III). On December 20, 2011, Mr. Berbick served the summons and complaint on Officer

---

[1] Mr. Berbick's initial complaint included claims against the 28th precinct of the New York City Police Department. The Honorable Paul A. Crotty, U.S.D.J., dismissed those claims because, as an agency of the City of New York, the 28th precinct is not a suable entity. (Order dated Sept. 1, 2011).

1

Vargas. On April 30, 2012, the Clerk of the Court filed a Certificate of Default, noting that the defendant had not filed an answer or otherwise moved with respect to the complaint. (Clerk's Certificate dated April 30, 2012). On July 31, 2012, Mr. Berbick filed the instant motion; Officer Vargas has not filed papers in opposition. However, on September 21, 2012, Officer Vargas' counsel filed a notice of appearance, and, on October 3, 2012, an Answer to the Complaint. (Answer to the Complaint on Behalf of Defendant Vargas ("Answer")).

Discussion

The Second Circuit has held that "[s]trong public policy favors resolving disputes on the merits" and that "[a]lthough courts have an interest in expediting litigation, abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct." American Alliance Insurance Co. v. Eagle Insurance Co., 92 F.3d 57, 61 (2d Cir. 1996). The disposition of a motion for a default judgment lies within the court's sound discretion. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993) (default relief left to sound discretion of district court because it is in best position to assess individual circumstances, credibility and good faith of parties); see also Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1307 (2d Cir. 1991) (district court's entry of default judgment is reviewed for

abuse of discretion).

In determining whether to enter a default judgment, courts in this Circuit consider a variety of factors, including the willfulness of the defaulting party, the substantive merits of the underlying claim, and prejudice to the non-defaulting party. See, e.g., Pinaud v. County of Suffolk, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (default judgment denied in light of large sum at stake, disputable merits of claim, and lack of prejudice from default); Enron Oil Corp., 10 F.3d at 98 (willfulness of default is one criterion considered in default judgment determination). All these factors weigh against the entry of a default judgment here.

First, there is no evidence that Officer Vargas acted with bad faith or with intent to delay litigation. Notice of appearance by her counsel was not entered until after the instant motion was filed, on September 21, 2012, and she filed the Answer soon thereafter. See id. at 96 ("[A]s a general rule a district court should grant a default judgment sparingly . . . when the defaulting party is appearing pro se."). Her failure to obtain counsel sooner falls far short of the degree of egregiousness that warrants a default judgment. See, e.g., Bambu Sales v. Ozak Trading, Inc., 58 F.3d 849, 852-54 (2d Cir. 1995) (affirming default judgment entered after defendants violated discovery order and engaged in other acts of delay and obstruction spanning more than one year); Action S.A.

3

v. Marc Rich and Co., 951 F.2d 504, 507-08 (2d Cir. 1991) (affirming default judgment ordered when defendant admitted that he "deliberately chose not to appear" and "would not appear" for discovery or for trial); Eagle Associates, 926 F.2d at 1310 (affirming default judgment entered after defendant willfully disregarded court's order to obtain counsel). Officer Vargas did not disregard any court orders. Here, the delay in obtaining counsel and filing the Answer resulted from "careless or negligent errors," rather than from acts of "undue delay-harassment." American Alliance Insurance Co., 92 F.3d at 61 ("[T]he basic purpose of default judgment is to protect parties from undue delay-harassment." (internal quotation marks omitted)).

Second, there is no valid basis on which to grant judgment to the plaintiff. Wagstaff-EL v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990) (default judgment vacated because "underlying claims were either facially invalid or utterly unsupported"). Mr. Berbick has yet to submit any affidavit or other evidence to support his underlying claim. Because no evidence supports a finding of Officer Vargas' liability, public policy supports the resolution of this dispute on the merits.

Lastly, Mr. Berbick has not identified any prejudice suffered as a result of Officer Vargas' default, and I perceive none, especially since she has now filed an Answer. See Wagstaff-EL, 913

4

F.2d at 57 (default judgment vacated because there was no prejudice to non-defaulting party). Pretrial discovery has not yet commenced and the initial pretrial conference has not been scheduled.

Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion for a default judgment (Docket no. 14) be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, Room 735, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 15, 2012

Copies mailed this date to:

Clive Berbick
P.O. Box 708
Mount Vernon, NY 10551

5

Max McCann, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007