```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
CLIVE BERBICK,                                         :
                                                       :
                        Plaintiff,                     :
                                                       :
        - against -                                    :
                                                       :
CITY OF NEW YORK: 28th PRECINCT;                       :
POLICE OFFICER CATHERINE                               :
VARGAS, Shield #27374;                                 :
JOHN DOES  #1-50;                                      :
                                                       :
                                                       :
                                                       :
                        Defendants.                    :
------------------------------------------------------ x
```

U.S.D.C. S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 18, 2013

11 Civ. 5295 (PAC) (JCF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On July 5, 2011, pro se Plaintiff Clive Berbick ("Berbick") commenced this 42 U.S.C. § 1983 action alleging that the defendant, New York City Police Officer Catherine Vargas, violated his constitutional rights by assaulting and falsely arresting him.[1]  (ECF No. 2.)  On July 31, 2012, Berbick filed a motion pursuant to Fed. R. Civ. P. 55(b)(2) for entry of a default judgment.  (ECF No. 14.)  On October 15, 2012, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("R&R") that the Court deny Berbick's motion.  (ECF No. 17.)  Berbick timely filed an objection on October 19, 2012.  For the reasons that follow, the Court adopts Magistrate Judge Francis' R&R and DENIES Berbick's motion.

---

[1] On September 1, 2011, the Court dismissed Plaintiff's claims against the 28th precinct of the New York City Police Department because it is not a suable entity.  (ECF No. 9.)

1

**BACKGROUND**[2]

Berbick alleges that Officer Vargas violated his Fourth Amendment and Eighth Amendment rights by falsely arresting him, injecting him with an unknown substance, and otherwise abusing him during an April 23, 2010 arrest.  (ECF No. 2 ¶ IV.)  Berbick served the summons and complaint on Officer Vargas on December 20, 2011.  When Officer Vargas failed to file an answer or otherwise move with respect to the complaint, the Clerk of the Court filed a Certificate of Default on April 30, 2012.  Berbick moved for a default judgment on July 31, 2012.  Shortly thereafter, Officer Vargas's counsel entered a Notice of Appearance and filed a letter in opposition to the default motion on September 21, 2012,[3] followed by an Answer to the Complaint on October 3, 2012.  (ECF Nos. 15, 16, 19.)

**DISCUSSION**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where timely objections have been made to the magistrate's recommendations, the Court must review the contested portions *de novo*.  Id.; La Torres v. Walker, 216 F.Supp.2d 157, 159 (S.D.N.Y. 2000).  The Court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous."  Id.  However, when an objection has been made, it "must be specific and clearly aimed at particular findings in the magistrate judge's proposal."  Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  If the objection is only conclusory or general, or reiterates the original arguments, the Court will review the Report for clear error.  Id.  While the Court is aware of Berbick's status as a pro se litigant and affords his motion for default judgment the appropriate degree of latitude, it is not "exempt from the rules of

---

[2] All the facts are taken from the R&R unless otherwise indicated.
[3] Officer Vargas's letter was dated September 21, 2012, but not filed until November 5, 2012, after the R&R was issued.

procedural and substantive law." DiPilato v. 7-Eleven, Inc., 662 F.supp.2d 333, 343 (S.D.N.Y. 2009) (quotation omitted).

First, Berbick objects to the R&R on the grounds that Officer Vargas never responded to the December 20, 2011 service of his complaint and asserts that he possesses evidence supporting the merits of his Section 1983 claim. (ECF No. 18.) This objection is not aimed at particular findings in Magistrate Judge Francis' R&R and is a reiteration of his previous assertions. Additionally, Berbick's assertion that Judge Francis is part of the coverup is both inappropriate and wholly unsupported. Berbick's objections do not meet the requirements for a proper objection and the Court will review the R&R for clear error. See Basile v. Wiggs, 2009 WL 1561769, at *1 (S.D.N.Y. 2009) ("The clearly-erroneous standard . . . applies when a party makes only 'conclusory or general objections, or simply reiterates his original arguments.'") (internal citations omitted).

The decision whether to grant or deny a motion for default judgment lies with the trial court. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). In determining whether to enter a judgment of default, courts consider (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded. Enron Oil Corp., 10 F.3d 90, 96 (2d Cir. 1993). "A default judgment is the most severe sanction which a court may apply" and there is a "strong preference for resolving disputes on the merits." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011).

Magistrate Judge Francis applied these factors and determined that Berbick did not satisfy them. (R&R at 3-5.) First, with respect to willfulness, Magistrate Judge Francis concluded that "there is no evidence that Officer Vargas acted with bad faith or with intent to

3

delay litigation." (R&R at 3.) There is no clear error in this conclusion. Officer Vargas's letter filed on November 5, 2012 explains that the delay in obtaining counsel resulted from an inadvertent mistake. (ECF No. 19, at 3.) Second, with respect to meritorious defenses to the underlying claim, Magistrate Judge Francis concluded that "there is no valid basis on which to grant judgment to the plaintiff" and noted that Berbick has not provided any substantive support for his underlying claims. (R&R at 4.) There is no clear error in this conclusion. In the Answer to the Complaint, Officer Vargas argues that Berbick has failed to state a claim that is plausible on its face and lists numerous affirmative defenses to the complaint. (ECF No. 16, at 2-3). Third, in analyzing the prejudice to the non-defaulting party, Magistrate Judge Francis concluded that Berbick has not suffered prejudice, especially since Defendant has now filed an Answer. (R&R at 5.) There is no clear error in this determination.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Francis' October 15, 2012 Report and Recommendation. The Court's September 1, 2011 Order of Reference remains in effect (ECF No. 8.)

Dated: New York, New York
       March 18, 2013

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

4

Copy Mailed By Chambers By:

Clive Berbick
PO Box 708
Mount Vernon, NY 10551